UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS LACKEY, a married person,

         Plaintiff,

      v.

LEWIS COUNTY, a municipal corporation,
and MICHAEL GOLDEN, et. al,

         Defendants.

Case No. C09-5145RJB

ORDER REMANDING
STATE LAW CLAIMS

This matter comes before the court on Lewis County Defendants' Request that the Court Maintain Supplemental Jurisdiction. Dkt. 66. The defendants are responding to the court's invitation to show cause why the plaintiff's remaining claims should not be remanded to Thurston County Superior Court. Dkt. 63. The plaintiff did not respond to that invitation. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

This action came before the court on March 16, 2009, when the defendants removed the matter from Thurston County Superior Court to this court pursuant to 28 U.S.C. § 1446. Dkt. 1. The plaintiff, Douglas Lackey, had filed his complaint in Thurston County Superior Court on February 17, 2009. Dkt. 1-3. The plaintiff's complaint alleged a violation of the plaintiff's due process under 42 U.S.C. § 1983, as well as several state tort claims. Dkt. 1.

On September 1, 2009, the parties completed phase one of discovery, which allowed depositions

ORDER
Page - 1

solely related to Mr. Golden's claim for absolute and/or qualified immunity.  Dkt. 32 at 4.  Following completion of phase one of discovery, Mr. Golden filed a Motion for Summary Judgment, which Lewis County joined for all claims based on the actions of Mr. Golden.  Dkt. 37.  Additionally, the individual Lewis County defendants filed a Motion to Dismiss.  Dkt. 41.  Mr. Burleson then filed a Notice of Joinder in Mr. Golden's Motion for Summary Judgment.  Dkt. 54.

On October 9, 2009, the court entered an Order granting summary judgment to Mr. Golden as well as to Lewis County on all claims based on the actions of Michael Golden.  Dkt. 63.  The court's Order also dismissed all claims against Mr. Burleson and each individual Lewis County defendant with the exception of Mr. Mansfield; the surviving claims are all state law claims against Lewis County and Steve Mansfield. *Id.*

On October 23, 2009, defendants Lewis County and Steve Mansfield filed this request that the court maintain supplemental jurisdiction over the remaining state claims.  Dkt. 66.

STANDARD FOR SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy.  The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

*United Mine Workers v. Gibbs*,  83 U.S. 715 (1966), first announced the discretionary doctrine of the district court's exercise of pendent jurisdiction over state law claims.  Later, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988), the Supreme Court held that the district court should "consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims." (Relying on *Gibbs, supra*).  28 U.S.C. § 1367 now governs the exercise of supplemental jurisdiction, including ancillary and pendent jurisdiction, and lists some of the

discretionary factors enunciated by *Gibbs* to guide the district court in exercising supplemental jurisdiction over state law claims. The Ninth Circuit clarified the district court's process of exercising its discretion in *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545 (9th Cir. 1994). There, the court held that once a district court identifies that a factual predicate in a case corresponds to one of the factors in § 1367(c), the district court must consider "whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" *Id*. at 1557 (citations omitted).

DISCUSSION

In this case, all of the federal claims have been dismissed. The remaining claims raise only issues of state law (claims of breach of contract, defamation, invasion of privacy/false light, intentional interference with contractual relations and with employment opportunities, and wage and hour law violations). There do not appear to be exceptional circumstances warranting this court to assume supplemental jurisdiction over the state law claims.

The defendants concede that the court is not compelled to exercise supplemental jurisdiction over the remaining state law claims in this action; rather, the defendants argue that because this court has already become familiar with the facts of the case by considering the defendants' dispositive motions, judicial economy would best be served by maintaining the action here. Dkt. 66. Additionally, the defendants argue that retaining supplemental jurisdiction over the remaining claims would hasten resolution of the action. *Id*.

Maintaining supplemental jurisdiction in this matter may resolve the action sooner than if the action is remanded to state court. How fast the state court may resolve the matter, however, is up to the Superior Court–it could be faster than the federal court, or the Superior Court could adopt the schedule already set by this court. The court is not convinced that the predominant factor in deciding jurisdiction should be the speediest resolution. Nor is the court convinced that judicial economy would necessarily be preserved by exercising supplemental jurisdiction. (This question is raised by this argument: "Which judge's economy and convenience?").

1    The remaining claims do raise novel and complex issues of state law, and the claims substantially

2    predominate over the claims over which the district court had original jurisdiction; the court has already

3    dismissed all federal claims.  Lastly, the court sees no exceptional circumstances or other compelling

4    reasons to maintain jurisdiction.

5         To date, the court has been concerned foremost with Mr. Golden's actions and the bearing they

6    had on the plaintiff's federal claims.  In fact, phase one of discovery was limited to that scope.  Further

7    factual and legal investigation is needed to resolve the remaining state claims.  It is appropriate for that to

8    occur in state court, particularly because this is a case involving state and local officers and former officers,

9    and state law.

10        Furthermore, the state courts are well qualified to resolve this matter fairly; the plaintiff chose a

11   state forum; and the defendants are mistaken in this court's retention powers.  This court is *not* thoroughly

12   conversant with the state claims and the state law that governs those claims.

13

14        Therefore, it is hereby

15        **ORDERED** that the court **DECLINES** to exercise supplemental jurisdiction over plaintiff's state

16   law claims.  Plaintiff's state law claims are **REMANDED** to the Superior Court for Thurston County.

17        The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

18   party appearing *pro se* at said party's last known address.  The Clerk is further directed to send certified

19   copies of this order to the Clerk of the Court for Thurston County Superior Court.

20        DATED this 27th day of October, 2009.

Robert J. Bryan
United States District Judge

ORDER
Page - 4